UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **DEFENDANT'S SENTENCING** |
| - against - | : | **MEMORANDUM** |
| JASHEEM JACKSON, | : | |
| Defendant. | : | 22 Cr. 391 (LDH) |

-------------------------------------------------------------X

## INTRODUCTION

Jasheem Jackson is scheduled for sentencing before Your Honor on May 31, 2023, following his plea of guilty to Count Three of the indictment, Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1344 and §1349. Mr. Jackson is a 21-year-old man whose life has been plagued by mental health problems, and family dysfunction. Notably, Mr. Jackson has been in jail for nearly ten months, a period near the top of the sentencing guidelines in his case.

Under all of the circumstances a sentence of time served is sufficient but not greater than necessary to promote the statutory goals and purposes of criminal sentencing provided under 18 U.S.C. § 3553(a).

## THE PRESENTENCE REPORT AND THE ADVISORY FEDERAL SENTENCING GUIDELINES CALCULATION

Mr. Jackson and I, with the consent of AUSA Gabriel Park, have suggested revisions to the Presentence Report prepared by Probation Officer Roberta Houlton. If those revisions are accepted by probation Mr. Jackson has no objections to the report. Additionally, Mr. Jackson agrees with Probation's calculations of the Guidelines, which reflect his plea agreement with the

1

government.

## A SENTENCE OF TIME SERVED WOULD BE SUFFICIENT, BUT NOT "GREATER THAN NECESSARY," TO ADVANCE THE § 3553(a) FACTORS

Section 3553(a)(2) provides that criminal sentences must be "sufficient, but not greater than necessary" to "comply" with the need for retribution, deterrence, incapacitation, and rehabilitation. The effect of this "overarching provision," *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), is to ensure that sentences are imposed with the understanding that the advisory Guidelines are a "marker on the path toward a reasonable sentence" but are "no longer necessarily the ultimate destination on that path," *United States v. Jasper*, 2005 WL 2414547, at *6 (S.D.N.Y. 2005). *See also United States v. Dorvee*, 616 F.3d at 182 (2d Cir. 2010) ("Even where a district court has properly calculated the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the § 3553(a) sentencing factors.").

In *United States v. Fernandez*, the Second Circuit noted that "[c]onsideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts." 443 F.3d 19, 29 (2d Cir. 2006).

In this case, for the reasons provided below, and for those to be addressed at the time of sentencing, a sentence of time served is sufficient but not greater than necessary to advance the § 3553(a) sentencing objectives.

I. Personal History and Family Circumstances

Jasheem Jackson grew up in a home marked by dysfunction and violence in an extended family in which many members suffer from Schizophrenia. His father abused his mother, often in front of Mr. Jackson. The destructive effect of this domestic violence on Mr. Jackson was compounded by his own mental health issues, sexual abuse, and the family's frequent moves. His family moved between New York and Florida on several occasions, each time separating Mr. Jackson from friends he had made. Perhaps most damaging to him, Mr. Jackson was the victim of sexual abuse inflicted on him by a cousin when he was eight years old. Shortly thereafter Mr. Jackson began to contemplate suicide. In 2019, Mr. Jackson was diagnosed with Post Traumatic Stress disorder, but by then the damage to him had been present for nearly his entire life. He is aware of his mental health conditions and, in the past has been treated for depressions with Hydroxyzine. He would like mental health treatment both to make himself feel better and to help him function better.

Perhaps the clearest expression of the difficulty of Mr. Jackson's place in the world is his inability to find anyone to sign a bond for him. After a bail application by counsel, the Court accepted a bail package requiring simply that Mr. Jackson have a place to live. No parent, no sibling, no friend, and no family member was available or willing to take him in even though that was all that stood between him and freedom. This implicit rejection by everyone he knows and loves came as a blow to him, and is a measure of the chaos in which he was raised and lives.

II. <u>Circumstances of the Offense</u>

    While the Court may be somewhat familiar with the facts of this case, as detailed in the Presentence Report, there are circumstances unique to Mr. Jackson's offense which should be considered in fashioning an appropriate punishment. These circumstances are not addressed as excuses, but as a consideration for the Court in fashioning an appropriate sentence.  When he was arrested in this case Mr. Jackson was charged with extortion as well as bank fraud.  He faced significantly higher guidelines than he does now, and when informed of the charges expressed to me his shock at the extortion allegations.  For some period of time he lived under the threat of the extortion charges which were concocted by a person trying to relieve himself of responsibility for his role in these crimes.  Once the government sorted out the truth in the case and, to their credit, offered Mr. Jackson a plea to the crime he had actually committed, Mr. Jackson immediately accepted the plea offer and entered a plea of guilty.  These facts are significant for two reasons.  First, the fear of being charged with crimes he had not committed left Mr. Jackson terrified that, notwithstanding his innocense of extortion, he would be convicted because of who he was and his criminal record.  Second, once those charges were removed, it restored Mr. Jackson's confidence in the justice system.  While this may not be of great significance in the world, I believe that the fair treatment he ultimately received in this case will make an impact on his future conduct and, perhaps, cause him to rethink the way he has lived his life.

## CONCLUSION

For all of the foregoing reasons, and in light of the factors to be discussed at the time of sentencing, it is respectfully submitted that Mr. Jackson receive a sentence of time served, followed by a reasonable period of supervised release, and a mandatory special assessment of $100.

Dated:  New York, New York
        May 25, 2023

                                            /s/
                                    David Stern
                                    Rothman, Schneider,
                                            Soloway & Stern, LLP
                                    100 Lafayette Street, Ste 501
                                    New York, New York 10013
                                    (212) 571-5500


To:   CLERK OF THE COURT
      United States District Court
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, New York 11201

      LaShann DeArcy Hall
      United States District Judge
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, New York 11201

      Gabriel Park
      Assistant United States Attorney
      Eastern District of New York
      271 Cadman Plaza East
      Brooklyn, New York 11201