

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:GP
F.#2022R00266

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 25, 2023

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Jahseem Jackson
                Criminal Docket No. 22-391 (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for May 31, 2023 at 1:00 p.m. For the reasons set forth below, the government respectfully asks the Court to impose a sentence within the United States Sentencing Guidelines range as estimated in the plea agreement, that is, four to ten months' imprisonment.

    I.    Background

      John Doe, whose identity is known to the grand jury, was a small business owner in Staten Island, New York. For approximately three weeks between February 2022 and March 2022, the defendant Jahseem Jackson (hereinafter "Jahseem"), along with his codefendants (collectively, the "defendants"), used at least two credit cards that belonged to John Doe at various locations, falsely representing to the banks associated with those credit cards that the defendant was John Doe without John Doe's presence or approval. As part of this scheme, the defendants fraudulently obtained goods and services totaling at least $11,000 using John Doe's credit cards.

      In particular, on March 3, 2022, the defendants went to a department store in Manhattan, New York and made a $3,342.51 purchase from Burberry and a $1,328.33 purchase from Louis Vuitton using one of John Doe's credit cards without John Doe's presence or approval. See Presentence Investigation Report ("PSR") at ¶ 12. Surveillance video cameras located inside the department store captured the defendants making these

purchases. Id. A screenshot of the said surveillance footage is shown below (Jahseem is circled in green):



See Complaint, ECF No. 1, at ¶ 9.

Jahseem also posted "stories" on his Instagram account of the defendants making the two purchases noted above. See PSR at ¶ 13. As the below screenshots show, the Instagram stories included codefendant Gerome Jackson, Jahseem's brother, signing as John Doe when making the $ 3,342.51 purchase at the Burberry store (John Doe's name is redacted):



See Complaint at ¶ 10; see also PSR at ¶ 13.

2

Moreover, on March 6, 2022, the defendants began a trip down to Florida from New York, driving a vehicle that they had John Doe rent for them. See PSR at ¶¶ 14, 22. Throughout the trip, the defendants used another credit card that belonged to John Doe without John Doe's presence or permission at numerous stores, including Walmart, Adidas, a grocery store and a piercing store. Id. at ¶ 22. Between March 6, 2022 and March 7, 2022, the defendants charged approximately $3,635.27 in total to the defendant's credit card. As below screenshots show, Jahseem posted several stories on his Instagram depicting receipts of the purchases made at a Walmart in North Carolina:



See Complaint at ¶ 18; see also PSR at ¶ 22.

In addition to the purchases and charges made to John Doe's credit cards described above, the defendants had John Doe pay for at least three hotel rooms and two rental cars for the defendants' use. See PSR at ¶¶ 11, 14-18 and 21.

On August 4, 2022, Jahseem was arrested on the complaint. See Minute Entry dated August 4, 2022. Jahseem was arraigned on the same date and remanded to federal custody. See ECF No. 6. On August 30, 2022, a grand jury in the Eastern District of New York returned a five-count indictment (the "Indictment") against the defendants. See Indictment, ECF No. 10. Count Three of the Indictment charged the defendants with a conspiracy to commit bank fraud, in violation of Title 18, United States Code, Sections 1344 and 1349. On April 4, 2023, before the Honorable James R. Cho, United States Magistrate Judge, Jahseem pled guilty to Count Three pursuant a plea agreement. See Minute Entry dated April 4, 2023. Jahseem has remained in custody since his arrest on August 4, 2022.

II.   Applicable Law

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed [] (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[,]" 18 U.S.C. § 3553(a)(2).

   III.   Sentencing Guidelines Calculation

The United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") applicable to the defendant are correctly set forth in the PSR:

| | |
|---|---:|
| Base Offense Level (§ 2B1.1(a)(1)): | 7 |
| Plus: Loss More Than $6,500 (§ 2B1.1(b)(1)(B): | +2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)): | -2 |
| Total: | 7 |

PSR at ¶¶ 33-41. This offense level, with Criminal History Category III, carries a Guidelines range of four to ten months' imprisonment. Id. at ¶ 71. As indicated in the plea agreement, executed by the parties on April 4, 2023, the parties concur and have stipulated to the same Guidelines calculation.

   IV.   Discussion

The government respectfully requests that the Court impose a sentence within the applicable Guidelines range agreed upon by the parties in the plea agreement.

The offense of conviction—conspiracy to commit bank fraud—is a serious crime that impacts the integrity of our financial system. Here, the defendants' conduct is concerning because their actions caused financial damages to John Doe. The defendants' repeated decisions to fraudulently use John Doe's credit cards without his permission caused John Doe to suffer at least $11,000 in financial damages. Not only that, the defendants, at

least Jahseem, flaunted and blatantly displayed their unlawful uses of credit cards by posting their conduct on social media on multiple occasions.

As such, the sentence here must be significant enough to reflect the seriousness of the offense of conviction and specifically deter Jahseem from engaging in further criminal conduct. In addition, by imposing a sentence within the requested range, the Court can send a message to others, including Jahseem's codefendants. Therefore, the government respectfully requests that a term of imprisonment within four to ten months be imposed.

V. <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that a sentence within the applicable Guidelines range of four to ten months' imprisonment is appropriate.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/Gabriel Park
Gabriel Park
Assistant U.S. Attorney
(718) 254-6099

cc:   Clerk of the Court (LDH) (by ECF)
David Stern, Esq. (by ECF)